Estate of Joseph Wise, deceased. Appeal of Edward J. Wise.

*Decedents' estates—Gift—Husband and wife—Evidence.*

A widow claimed that certain securities had been given to her by her husband shortly before his death. Two disinterested witnesses testified to the actual delivery of the box containing the securities, and also to the subsequent continued possession by the wife. Three other witnesses testified to decedent's repeated declarations, about the time of the gift, that all his property was to be his wife's, and at least one witness testified to decedent's regret that he had not made a will giving it all to her. The decedent had real estate and some personal property other than the securities. The auditor and the orphans' court found in favor of the widow. *Held*, that the decree of the court below should be sustained.

Argued April 26, 1897. Appeal, No. 3, Jan. T., 1897, by Edward J. Wise, from decree of O. C. Cumberland Co., dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Exceptions to report of auditor, James W. Eckels, Esq.

The court dismissed the exceptions to the auditor's report, in an opinion by E. W. BIDDLE, P. J., which states the facts as follows:

Mrs. Catharine Wise was manifestly incompetent as a witness in her own behalf, and the auditor was therefore right in disregarding her testimony. The pivotal question in the case is, Did Joseph Wise, shortly prior to his death, make a gift to

his wife of the securities in the box? On this subject Miss Jennie Hummelbaugh, who had lived with decedent since early childhood, testified that about two weeks before his death he handed to Mrs. Wise his securities, which were in the little box wherein they were always kept, and said they were hers; and that Mrs. Wise then put them in her bureau drawer and locked it. The witness specified a mortgage and other property which were in the box as follows: "There was a mortgage for $700; Kern's note; Otto note for $300; Siplinger, $300; Kressler, $300; Naugle, $150; and McKay note, $300."

J. B. Hofferd, who was at decedent's house every day for the last two weeks of his life, and was present when he died, testified as follows: " Q. State what he said to you with reference to his personal property. A. He told me that everything was to be Mrs. Wise's, and he gave it to her. I had seen the box and seen the contents. He said to Mrs. Wise, ' That is yours; take it.' Q. And the contents were in it? A. Yes, sir. Q. Did or did not he speak about these things on more than one occasion? A. Yes, sir. Q. What did he say? A. He said it was all hers; they had worked hard for it and it was his wife's." When questioned in relation to the notes, he stated: " I said I knew some of them. The notes were in his hand and he read one to me, I was standing right alongside of him. I was standing to the left of him, and Mrs. Wise was standing to the other side, and he laid them on the stand, and the box in his lap, and he read the notes over and put them back in his box, and closed the box. The key was in the box, and he said to his wife, ' Take this; it is yours.' "

Dr. J. C. Davis, the attending physician, said that Mr. Wise spoke to him several times during his last illness in reference to his papers, and seemed to regret that he hadn't made a will, and stated that he desired his wife to have all his property. Annie Hofferd testified that she was with decedent during the last two weeks of his life, day and night, and she heard him say more than once that all he had was to go to his wife; that it belonged to her. George H. Wise stated that at different times, up to shortly before his death, decedent said to him that everything he had was to be his wife's. It is now settled in Pennsylvania that a valid gift of non-negotiable securities may be made by a delivery of them to the donee, accompanied by

appropriate words, without a written assignment: Com. v. Crompton, 137 Pa. 138; Pryor v. Morgan, 170 Pa. 568; and the same doctrine is now upheld, with substantial unanimity, in other states: 8 Am. & Eng. Ency. of Law, 1322.

In the present case the evidence to sustain the gift was ample: Rhodes v. Childs, 64 Pa. 18; Pryor v. Morgan, supra. The natural affection of the decedent for the donee and the faithful services rendered to him by her are corroborative of the positive testimony that a gift was made: Yeakel v. McAtee, 156 Pa. 600. After a careful consideration of the evidence and of the legal principles applicable thereto we are of opinion that none of the exceptions should be sustained. The administratrix should at once charge herself with the $140, which she received from Peter Guttshall, one of the executors of F. Wise, deceased, and with all other personal assets belonging to her husband's estate, and proceed with the settlement of said estate in strict accordance with law. No question in regard to the propriety of an order for the sale of real estate arises at the present time, and a discussion of that subject would therefore be premature.

*Error assigned* was decree of the court.

*S. M. Leidich*, with him *H. S. Stuart*, for appellant.—While the Supreme Court will give weight to an auditor's report when confirmed by the court below, yet, when the facts reported by him are only deductions from other facts in the case, the court above are as able to look into these facts as he: Hindman's App., 85 Pa. 470; Phillips's App., 68 Pa. 130; Milligan's App., 97 Pa. 525; and when it clearly appears to the Supreme Court that an auditor has not only found facts against the weight of the evidence, but has disregarded the evidence, and thereby reached an unjust result, his findings of fact and law, though confirmed by the court below, will be reversed: Miller's App., 102 Pa. 544.

Gifts from a husband to his wife must be clearly proved: 8 Am. & Eng. Ency. of Law, 1333; Scott v. Reed, 153 Pa. 14; Fross's App., 105 Pa. 258; Smith's Est., 144 Pa. 435; Scott v. Lauman, 104 Pa. 593; Wagoner's Est., 174 Pa. 562; Helfenstein's Est., 77 Pa. 328.

*H. H. Mercer*, for appellee.—It is an established rule that the

finding of an auditor upon the facts, when approved by the court below, will not be disturbed on appeal, except for flagrant error : Lewis's App., 127 Pa. 127 ; Hess's Est., 150 Pa. 346 ; Prouty v. Prouty, etc., Shoe Co., 155 Pa. 112 ; Donaldson's Est., 158 Pa. 292 ; Countryman's Est., 151 Pa. 577 ; Penn Bank's Est., 152 Pa. 65 ; Harbison's Est., 145 Pa. 456 ; Stevenson Co. v. Sample, 174 Pa. 165; Hughes's Est., 176 Pa. 387.

This evidence was ample to sustain the finding of the auditor that a valid gift was made of the designated property by Joseph Wise to his wife, Catharine Wise : Rhodes v. Childs, 64 Pa. 18 ; Pryor v. Morgan, 170 Pa. 568; Yeakel v. McAtee, 156 Pa. 600 ; Com. v. Crompton, 137 Pa. 138.

OPINION BY MR. JUSTICE MITCHELL, July 15, 1897 :

Transactions by which a decedent shortly before his death practically strips himself of all his available property are naturally regarded with suspicion, and are to be scrutinized with a keen and somewhat incredulous eye. An alleged parol gift, therefore, from a husband to a wife, under such circumstances, should be proved by clear and convincing testimony. The claim in the present case however appears to have met this requirement. Two disinterested witnesses testified to the actual delivery of the box containing the securities and the subsequent continued possession by the wife. Three other witnesses testified to decedent's repeated declarations, about the time of the gift, that all his property was to be his wife's, and one at least, to his regret that he had not made a will giving it all to her. We do not regard this as conflicting with the fact of a gift of the securities, because the evidence shows that the decedent had real estate and perhaps some other personal property that was not included in the gift, but would have passed by a will. These declarations would not of course establish a gift, but they are confirmatory of the intent with which the actual delivery of the securities testified to by the other witnesses was made. The evidence as a whole was sufficient, if believed, to sustain the claim of a gift; the auditor and the judge below believed it; and we have not been convinced that they were in error in so doing.

Decree affirmed with costs.