## Schusler's Estate.

*Will—Issue devisavit vel non—Testamentary capacity—Intoxication.*

A demand for an issue devisavit vel non will be refused by the orphans' court where the evidence shows that the decedent drank alcoholic liquors excessively for some years prior to his death and was intoxicated almost all the time, for a year prior thereto, but that when he was not intoxicated he had testamentary capacity, and at the time he executed his will he was not intoxicated, which fact was shown by the scrivener and the only living surviving witness of the paper.

Argued Oct. 22, 1900. Appeal, No. 52, Oct. T., 1900, by John Schusler et al., from decree of O. C. Allegheny Co., April T., 1899, No. 146, dismissing appeal from register of wills in the estate of Adam Schusler, deceased. Before Mc-COLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from register of wills.

The facts appear by the opinion of OVER, J., which was as follows :

The appellants allege that the decedent did not have testamentary capacity when he executed the paper admitted to probate by the register, and pray for an issue only as to that question.

They did not adduce any direct evidence tending to show testamentary incapacity, but did adduce evidence tending to show that the decedent drank alcoholic liquors excessively for some years prior to his death, was intoxicated almost all the time for a year prior thereto; and we are asked to infer from these facts that he did not have testamentary capacity.

The evidence, however, of the appellants themselves, supplemented by that of the appellee, shows clearly and satisfactorily

that when not intoxicated, the decedent had testamentary capacity, and it appears from the testimony of the scrivener and only living subscribing witness to the paper that he was not intoxicated when it was executed.

An inference that he did not have testamentary capacity would not then be justified under all the evidence, and a verdict against the will could not be sustained.

The demand for an issue, therefore, must be refused, and the appeal dismissed at the cost of appellants.

And now, to wit: December 20, 1899, this matter came on to be heard, upon petition and answer thereto, and testimony taken, and was argued by counsel, and upon consideration thereof it is ordered, adjudged and decreed that the petition and appeal be dismissed at the costs of the petitioners and the decision of the register is affirmed.

*Error assigned* was the decree of the court.

*William D. Evans*, with him *George C. Wilson* and *M. W. Acheson, Jr.*, for appellants.

*W. B. Rodgers*, for appellees.

PER CURIAM, January 7, 1901:

The only question to be determined on this appeal is whether the decedent had testamentary capacity when he executed the paper admitted to probate by the register as his will. As we have carefully perused and considered the entire testimony in the case, we have no hesitation in declaring that the appellants have failed to establish a want of testamentary capacity in the execution of the will they have assailed. We therefore sustain the dismissal of their petition at their own costs and affirm the decision of the register on the concise and brief opinion of Judge OVER.

The decision of the register is affirmed and the appeal is dismissed at the cost of the appellants.