## Smith, Appellant, *v.* Metropolitan Life Insurance Company of New York.

*Insurance—Life insurance—Beneficiary—Designation of beneficiary—Vested interest.*

Where a husband, in taking out insurance on his own life, designates his wife as sole beneficiary, and there is no reservation in the policy of a power in the insured to designate a new beneficiary, and no provision from which a power in the insured to designate another beneficiary in case of the death of the wife, can be inferred, the vested interest of the wife in the policy cannot be divested without the consent of the wife during her life, or of her legal representatives after her death. In such a case an attempt by the husband, after the death of his wife to substitute his daughter as beneficiary, will be futile.

Argued Dec. 6, 1906. Appeal, No. 227, Oct. T., 1906, by plaintiff, from order of C. P. Schuylkill Co., Jan. T., 1906, No. 36, refusing to take off nonsuit in case of Esther A. Smith v. The Metropolitan Life Insurance Company of New York. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on five policies of insurance. Before MARR, J.

The facts appear by the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*James B. Reilly*, with him *George W. Ryon*, for appellant.— The wife's rights under the policy terminated with her death : Thomeuf v. Knights of Birmingham, 12 Pa. Superior Ct. 195 ; Herr v. Reinoehl, 209 Pa. 483 ; Cent. Bank v. Hume, 128 U. S. 195 ; Olmsted v. Keyes, 85 N. Y. 593.

*R. H. Koch*, with him *Guy E. Farquhar*, for appellee.—The following cases seem to us to clearly sustain the judgment of the court below : Waltz v. Mut. Aid Society, 5 Pa. C. C. R. 208 ; Anderson's Est., 85 Pa. 202 ; Brown's App., 125 Pa. 303 ;

Entwistle v. Ins. Co., 202 Pa. 141; Glanz v. Gloeckler, 104 Ill. 573; Weston v. Richardson, 47 L. T. N. S. 514; Pence v. Makepeace, 65 Ind. 345; Allis v. Ware, 28 Minn. 166; Herr v. Reinoehl, 209 Pa. 483; Watt v. Gideon, 22 Pa. C. C. R. 499; Jones v. Jones, 23 Pa. C. C. R. 254.


OPINION BY PORTER, J., October 7, 1907:

The plaintiff brought this action to recover upon five policies of insurance upon the life of her father, William F. Gordon, alleging that she had been properly designated as the beneficiary thereunder. The uncontradicted evidence produced by the plaintiff at the trial established that at the time the insurance under each of the policies was effected it was taken for the benefit of Anna E. Gordon, the wife of the insured, who was duly designated as the beneficiary thereunder, without any designation of an alternative beneficiary in case of the death of said wife during the lifetime of the insured. There was nothing in the evidence from which the reservation of a power in William F. Gordon to designate another beneficiary, in case of the death of his wife during his lifetime, could be inferred. The insurance company was notified, at the time the insurance was effected, of the designation of the wife of the insured as the sole beneficiary under the policies, and this the insured under the provisions of the several policies had the right to do. Anna E. Gordon died in 1897, and her husband, the insured, survived her about eight years. About a year after the death of his wife the beneficiary under the policies, William F. Gordon, the insured, attempted to substitute the appellant as the beneficiary under the several policies by executing and delivering to the agent of the insurance company several papers, one for each of the respective policies, each entitled, "Change of designation," and setting forth that Anna E. Gordon had been designated as the person to whom the insured desired the benefits to be paid; that the insured desired to change said designation, and that he now designated the plaintiff, his daughter, as the person to whom he desired the benefits to be paid under the policies. No representative of the estate of Anna E. Gordon, the original beneficiary, was a party to this attempted change of the designation of the beneficiary. William F. Gordon, having continued to pay the

premiums upon the several policies, died in 1905, and the plaintiff subsequently brought this action. The court below entered a judgment of nonsuit, which it subsequently refused to take off. The plaintiff appeals.

The absolute designation of Anna E. Gordon as the sole beneficiary under the several policies and the notice of such designation given to the company, at the time the insurance was effected, vested in the wife the beneficial ownership of the policies : Scott v. Dickson, 108 Pa. 6 ; Wise's Estate, 182 Pa. 168 ; Hani v. German Life Insurance Co., 197 Pa. 276. Anna E. Gordon having been unconditionally designated as the sole beneficiary under the several policies, and there having been no reservation of a power in the insured to designate a new beneficiary, in the absence of any provision in the policies from which a power in the insured to designate another beneficiary, in case of the death of his wife, could be inferred, the vested interest of the wife in these policies could only be divested with her consent or by the act of the law : Anderson's Estate, 85 Pa. 202 ; Brown's Appeal, 125 Pa. 303 ; Entwistle v. Travelers' Insurance Co., 202 Pa. 141 ; Herr v. Reinoehl, 209 Pa. 483. William F. Gordon, the insured, could not without the consent of his wife during her life, or of her legal representatives after her death, change the beneficiary under these policies ; that his attempt to do so was ineffectual necessarily follows.

The judgment is affirmed.