## Compton et al. Appellants, *v.* Hoffman.

*Trusts and trustees—Deeds—Fraud—Duress — Mental capacity —Evidence—Burden of proof—Findings in equity—Appeal.*

1. A bill in equity to set aside deeds executed under a power of attorney given by a decedent to his stepfather, when he was alleged to be mentally incapable through the use of liquor and drugs, will be dismissed, where there is no evidence whatever that the decedent was under the influence of drugs and liquors, when he executed the power of attorney and subsequently ratified deeds for the property by his agent to his mother made in pursuance of the power, or that his mental condition during the nineteen years from the date of the ratification of the deeds until his death was such that he could not have disaffirmed the act if it was not voluntary, and there is evidence that during three years he transacted other business, executed deeds and received from his attorney in fact and from his mother moneys largely in excess of the value of the property at the time of the conveyance. Evidence as to the mental condition of the decedent, after the execution of the power of attorney, is irrelevant and inadmissible.

2. Business·dealings between parents and children are not prima facie to be considered fraudulent; those who attack such trans-

actions assume the burden of furnishing clear proof of fraud. If the consideration is adequate, even as between strangers no presumption of fraud would arise.

3. The findings of a court of equity that there was no fraud involved in the execution of a power of attorney by a decedent in his lifetime, will not be reversed on appeal, where such findings are supported by the testimony, and there is no manifest error.

*Appeals — Assignments of error — Statement of questions involved.*

4. Assignments of error which are not included in the statement of questions involved, will be dismissed.

Argued May 6, 1919. Appeal, No. 112, Jan. T., 1919, by plaintiffs, from decree of C. P. Warren Co., Dec. T., 1914, No. 38, dismissing bill in equity in case of William Compton and Adelia Compton v́. Otis F. Hoffman, Individually and as Executor and Trustee under the will of Nancy L. Hoffman, deceased. Before Brown, C. J., Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Bill in equity for the cancellation of deeds and an accounting. Before Bouton, P. J., specially presiding.

The court dismissed the bill. Plaintiff appealed.

*Error assigned* was the decree dismissing the bill, and various rulings.

*Francis Chapman,* with him *William E. Chapman,* for appellant, cited: Greenfield's Est., 14 Pa. 489; Wistar's App., 54 Pa. 60; Darlington's App., 86 Pa. 512; Worrall's App., 110 Pa. 349; Darlington's Est., 147 Pa. 624; Stepp v. Frampton, 179 Pa. 284; Longenecker v. Zion E. L. Church, 200 Pa. 574; Plankinton's Est., 212 Pa. 235; Matthaei v. Pownall, 235 Pa. 460; Sarver v. Sarver, 230 Pa. 60; Miskey's App., 107 Pa. 611.

*W. Pitt Gifford,* of *Gunnison, Fish, Gifford & Chapin,* with him *Wm. E. Rice* and *Alexander & Clark,* for appel-

lee, cited: Krauss v. Stein, 173 Pa. 228; Schusler's Est., 198 Pa. 81; Macauley's Est., 224 Pa. 1; Ewart's Est., 246 Pa. 579; Miller v. Oestrich, 157 Pa. 264; Noel v. Karper, 53 Pa. 97; Nonnemacher v. Nonnemacher, 159 Pa. 634; Graham v. Pancoast, 30 Pa. 89; Cummins v. Hurlbutt, 92 Pa. 165; Nace v. Boyer, 30 Pa. 99; Aiman v. Stout, 42 Pa. 114.

OPINION BY MR. JUSTICE FRAZER, June 21, 1919:

The bill in this proceeding was filed by collateral heirs of Andrew H. Ludlow, Jr., deceased, against defendant individually and as executor under the will of Nancy L. Hoffman, deceased mother of Ludlow, to set aside conveyances of real estate made by defendant as attorney in fact for Ludlow, and praying that he be declared trustee ex maleficio of the property and be required to account for the rents and profits received therefrom; the allegation being that the conveyances made by defendant to Nancy L. Hoffman was part of a fraudulent scheme to obtain possession of the property of Ludlow, whose mental and physical condition was such as to render him incapable of understanding the nature of the transaction. The court below dismissed the bill and plaintiffs have appealed.

Andrew H. Ludlow, Jr., was the only son of Andrew Ludlow, Sr., and his wife Nancy, who subsequently married Otis J. Hoffman. Defendant is the son of Otis J. Hoffman by an earlier marriage, and a stepbrother to Andrew Ludlow, Jr. They lived together at Warren, Pennsylvania, and Ludlow, Jr., who inherited considerable property from his deceased father, attended public and private schools and at the age of 18 entered college where he remained for a short time only. He became addicted to the use of liquor and drugs and traveled considerably. For several years he was engaged in the printing business but subsequently formed a partnership with Hoffman, from which he retired a few years later. In 1883, at 23 years of age, he gave Hoffman a general power

of attorney to sell or lease real estate owned by him and to transact business for him generally. Pursuant to this power, Hoffman, at various times in Ludlow's absence, conveyed property belonging to the latter. On November 10, 1893, Hoffman executed deeds transferring Ludlow's remaining property to the latter's mother, Nancy L. Hoffman, the consideration therefor being the sum of one dollar "and other valuable considerations." At the same time the mother executed a paper reciting the conveyance of the property and stating that "In consideration therefor I hereby promise and agree to give my said son Andrew a home with me as long as I live. I further promise and agree to provide him with money from time to time for the purchase of clothes and other necessaries and will support him in a proper and economical manner as becomes a careful and prudent person in his station of life, to the best of my ability and judgment." Contemporaneously with the above mentioned transactions, a paper signed by Ludlow, referring to the conveyance from Hoffman to Ludlow's mother, stated: "I hereby approve of said transfer and accept the consideration therefor as sufficient and ample, and hereby release the said O. F. Hoffman from any and all claims or liability for making said sale as same was made at my special request." The mother performed her agreement until her death, two years later. In her will she provided a home for the members of her family, including Andrew, for their lives, and directed the annual payment of $1,000 to Andrew for his life, with power in her trustee "to pay him such additional sums as may be necessary and prudent for his proper care, comfort and support," and on the death of the beneficiaries named, and the suvivors of them, the remainder of the property was given to the children of Andrew with remainder over in case of default of issue. The amount paid to Andrew by his mother in her lifetime and by defendant thereafter, as executor and trustee under the mother's will until the time of Andrew's death in 1912, a period of 17 years, aggregated nearly $60,-

000.  The value of the property when conveyed to the mother in 1893 does not clearly appear; the court below, however, found the total sum paid was far in excess of the value of the land, and this finding does not seem to be seriously disputed.  Oil was subsequently found on the property and a large revenue derived therefrom.  During the twenty-one years elapsing from the date of the deed to the death of Andrew Ludlow, the transaction was not questioned by him.

The facts above recited are not in dispute.  Plaintiffs rely, however, upon the allegation that Andrew Ludlow, Jr., was mentally incompetent to execute the power of attorney given to Hoffman in 1883, or to ratify the deeds executed by Hoffman to Ludlow's mother in 1893, and further that the will of Nancy Hoffman was procured by undue influence exercised by defendant as part of a general scheme to secure possession of Ludlow's property. The evidence relied upon to establish mental incompetency is the testimony of a number of witnesses to the effect that Ludlow led a dissipated and immoral life and was the victim of excessive use of liquor and drugs, rendering him physically and mentally incapable of attending to his business affairs and of understanding the nature of the papers he executed.  The testimony shows he had been in a sanitarium on different occasions and that he used liquor, opium and morphine to excess.  There is, however, a total absence of evidence that he was under the influence of either liquor or drugs at the time he executed the power of attorney and ratified the conveyance of the property to his mother, nor is it a reasonable inference from the evidence that his mental condition was such during the entire period of 19 years from the date of the ratification to the date of his death as to make him incapable of disaffirming his act, if not a voluntary one.  On the contrary, during this entire time he accepted the consideration for the conveyance in an amount largely in excess of the value of the property at the time of the conveyance.  In the meantime, previous to executing the

power of attorney, he transacted business and executed deeds disposing of various pieces of real estate belonging to him. In absence of proof of want of mental capacity at the time the transaction in question occurred, it is not sufficient to show generally dissolute habits and that he was addicted to the use of drugs and liquor, even though their use was of frequent occurrence. Such proof may materially aid in ascertaining the cause of mental unsoundness, but is insufficient to establish its existence in absence of other evidence of incapacity at the time in question: Miller v. Oestrich, 157 Pa. 264, 272; Schusler's Est., 198 Pa. 81; Macauley's Est., 224 Pa. 1.

The evidence offered to show undue influence exerted by defendant also falls far short of the required standard of proof. The circumstances leading up to the execution of the conveyance indicate the act was the natural and reasonable result of the dissolute and spendthrift habits of Ludlow and a wise protection taken voluntarily by him to secure his estate from being squandered. It tends to show a recognition of his weakness and the exercise of good business judgment on his part. The testimony of defendant, called as a witness on behalf of plaintiffs, is that he wrote the original power of attorney at the request of both Andrew Ludlow and his mother, that deeds might be executed in Andrew's absence, it being the latter's habit at that time to travel about the country and return home only at intervals. Hoffman also testified, and in this respect he is uncontradicted, that the deed conveying the property to Mrs. Hoffman in 1893 was executed at the express request of Andrew Ludlow, and, upon the witness objecting to sign deeds when Andrew was present and could have signed for himself, the latter stated he had been threatened by a breach of promise suit and for this reason wanted all his property conveyed to his mother. Conceding, for the purpose of argument, the contention of plaintiff that Hoffman occupied a confidential relation toward Ludlow, for whom he had acted in the capacity of attorney on different occasions,

this fact does not, under the particular circumstances, throw upon defendant the burden of showing the transaction was free from fraud.  While this rule might be applied had defendant benefited by the conveyance of the property, it appears no benefit whatever was received by him, nor did he receive any part of the consideration, but merely acted pursuant to the authority expressly given him under his power of attorney.  Ludlow's mother, rather than defendant, received the benefits, if any accrued from the conveyance of the land; she, however, fully paid an adequate consideration for the transfer. Business dealings between parents and children are not prima facie to be considered fraudulent, and those who attack such transactions assume the burden of furnishing clear proof of fraud: Reehling v. Byers, 94 Pa. 316; Carney v. Carney, 196 Pa. 34.  Since the consideration was adequate, even as between strangers no presumption of fraud would arise.

Appellants contend further that the benefit defendant received under the will of his stepmother was part of the general scheme to defraud Ludlow.  We find absolutely no evidence to support this allegation.  The evidence as to the making of the will is uncontradicted and shows defendant had no part in its preparation and was without knowledge of its existence until after Mrs. Hoffman's death.  The will was drawn at her request and the dictation of the latter's attorney, now president judge of Warren County, who retained it in his possession until her death.  The provisions in the will were natural ones and took care of every member of the family, especially of Andrew Ludlow, whose children were made the residuary legatees.  It also provided for carrying out the agreement for the support of Ludlow during his lifetime; a provision fully performed by defendant as executor and trustee.  Certainly nothing appears from this state of affairs that can be construed as evidence of improper influence exerted upon the mind of the testatrix.

A number of the assignments of error (there are 78 in all) complain of the refusal of the court below to admit evidence as to the habits of Ludlow subsequent to the making of the deed. These might be dismissed with the remark that they are not included in the statement of questions involved: McClintock & I. v. Ætna Explosives Co., 260 Pa. 191. However, as there was no sufficient proof of mental impairment, either at the time the power of attorney was executed, or at the time the deed was ratified, the mental condition and habits of Ludlow at a subsequent time are immaterial. The same criticism applies to the complaint made of the exclusion of the evidence of declarations made by Andrew Ludlow concerning the use of liquor and narcotics, and with respect to the refusal of the court to permit a witness to give her opinion as to whether Andrew Ludlow was mentally capable of transacting business; this evidence, had it been received, would be insufficient, in view of the admitted facts in the case, to change the result, and, consequently, its exclusion, if erroneous, was harmless error and not ground for reversal: Irwin v. Trego, 22 Pa. 368; Galbraith v. Zimmerman, 100 Pa. 374; Ziegler v. Handrick, 106 Pa. 87.

The findings of the court below are amply supported by the testimony and, as has been frequently stated, in such case we will not reverse: Anthracite Lumber Co. v. Lucas, 249 Pa. 517.

The decree is affirmed at costs of appellants.