## Lineaweaver v. Union Trust Company.

*Evidence—Testimony of survivor—Competency—Act of May 23, 1887.*

In an action to recover possession of certain household goods from the administrator of her deceased husband, the widow, who claims to be the owner by virtue of a gift during the lifetime of the decedent and not by devolution on his death, is not a competent witness under section 5 (e) of the Act of May 23, 1887, P. L. 158.

Motion to take off non-suit.  C. P. Allegheny Co., April T., 1924, No. 2848.

Before Ford, Swearingen and Carnahan, JJ.

*William T. Tredway*, for motion; *Reed, Smith, Shaw & McClay*, contra.

SWEARINGEN, J.—Henry E. Lineaweaver died on Sept. 7, 1923, and the Union Trust Company was appointed administrator of his estate.  This action of replevin was brought March 18, 1924, by Martha L. Lineaweaver, the widow of the decedent, to recover from the administrator certain household goods which had been in the possession of the decedent from their separation, Feb. 20, 1911, until his death, as above stated.  The goods were included in the inventory filed by the administrator, and they have been in its custody ever since.  At the close of the plaintiff's case, a judgment of compulsory non-suit was entered, which the plaintiff now moves to take off.

Henry E. Lineaweaver and the plaintiff were married in 1892.  They came to Pittsburgh in 1896, and in 1901 they removed to Stratford Avenue, Pittsburgh, where they resided until Feb. 20, 1911, when they separated, and they never lived together afterwards.  At the trial, Mrs. Lineaweaver testified to the facts of marriage and separation, and then she was asked about the real estate and these articles of personal property in controversy.  Upon objection, the court ruled that she was incompetent to testify.  Was she competent?  If she was, this motion should be granted.  If she was not, the motion should be refused, because that is the only question now involved.

The parties upon this record are the plaintiff, who is the widow of the decedent, and the Union Trust Company, which is the administrator of the same decedent's estate.  At his death, the decedent was in possession of these goods, which is the badge of ownership, and his right thereto passed to the defendant, which represents his interest in the subject in controversy.  The plaintiff did not claim these goods by "devolution" on the death of her husband.  Therefore, the plaintiff was, in our opinion, properly excluded as a witness.  She was clearly within the exceptions prescribed in the item *(e)*, section 5, of the Act of May 23, 1887, P. L. 158, the material parts of which are: "Nor, where any party to a thing or contract in action is dead, . . . and his right thereto or therein has passed, either by his own act or by act of the law, to a party on the record, who represents his interest in the controversy, shall any surviving or remaining party to such thing or contract . . . be a competent witness to any matter occurring before the death of said party, unless . . . the issue or inquiry be *devisavit vel non*, or be any other issue or inquiry respecting the property of a deceased owner, and the controversy be between parties respectively claiming such property by devolution on the death of such owner, in which case all persons shall be fully competent witnesses."

Undoubtedly the plaintiff is precluded from testifying in this case.  We are satisfied that the court committed no error in rejecting her testimony.

In such a case as this, the wife assumes a heavy burden when seeking to establish her right to personal property after her husband's decease.  The rule is, her case "should be proved by clear and convincing testimony:"  Wise's

Lineaweaver *v.* Union Trust Company,

Appeal, 182 Pa. 168. The only testimony given on behalf of the plaintiff was that in the fall of 1901, just after the plaintiff and her husband had moved into the Stratford Avenue home, the former said, "It is all mine," to which Mr. Lineaweaver replied, "Yes, I have given Mattie everything"—being a name which he applied to his wife. Not a witness identified with any degree of clearness the goods in controversy as part of those which were in possession of Mr. Lineaweaver at the time of his death, Sept. 7, 1923.

We are of opinion the non-suit was properly granted.

From William J. Aiken, Pittsburgh, Pa.