Shydlinski, Appellant, *v.* Vogt.

Argued January 5, 1962.   Before Bell, C. J., Mus-
manno, Jones, Cohen, Eagen and O'Brien, JJ.

*Sol Lubin,* for appellant.

*Joseph J. Gale,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 13, 1962:

By two deeds, dated March 23, 1957, and recorded March 25, 1957, John Shydlinski conveyed three parcels of real estate, situate in Luzerne County, to his daughter, Dorothy Vogt, appellee herein. One of the deeds, conveying two parcels of real estate, contained a covenant wherein the grantee undertook to care for and maintain the grantor for the rest of his life. The other deed, conveying a single parcel of real estate, contained a similar covenant in addition to reserving, to the grantor, a life estate in that parcel. By deed dated April 12, 1957, and recorded April 13, 1957, John Shydlinski quitclaimed and released to appellee all his interest in all the real estate conveyed in the aforesaid deeds of March 23, 1957.

By complaint in equity filed August 25, 1958, John Shydlinski sought a reconveyance of the real estate on the grounds that the conveyances were procured through threat and coercion, fraud and undue influence practiced upon the grantor by the grantee. The chancellor entered an adjudication and decree nisi dismissing the complaint. Exceptions to the decree nisi were dismissed by the court en banc, and an appeal to this Court followed the final decree in favor of the defendant-appellee.

Plaintiff, John Shydlinski, died on May 11, 1960, and, by suggestion of death filed, Paula Shydlinski, his executrix, was substituted as party plaintiff, and it is she, in her representative capacity, who is appellant here.

The decedent suffered a stroke in June of 1954, which resulted in a partial paralysis of his right side. Subsequently, in January of 1955, he underwent sur-

gery for the removal of cataracts from his eyes. There is no dispute that the decedent, at the time of the execution of the deeds in controversy and for some time prior thereto, was aged, feeble and physically infirm.

At the time that the decedent suffered his stroke, appellee, one of four children of decedent, was residing in Texas with her three children and her husband, who was a member of the armed forces stationed there. He was about to be transferred to an overseas post and appellee was in the process of preparing to move her family in order to be with her husband. Upon learning of her father's illness, she put her furniture in storage and returned to Pennsylvania with her children. When she arrived she found both her mother and father ill and in need of care, whereupon she decided to remain with and care for them, despite the entreaties of her husband that she rejoin him. She remained with and cared for both her parents until the death of her mother, in January of 1955, and thereafter remained with and cared for her father until, in April of 1957, he went to New York to reside with appellant. For part of this time, appellee, her children and the decedent lived in a tent because the house they had been occupying was destroyed by fire. In November of 1955, the decedent executed a general power of attorney authorizing appellee to act in his behalf.

The court below found that no confidential relationship existed between the parties to the deeds at the time of their execution; that the plaintiff had failed to establish fraud, force, coercion or undue influence; and that the conveyances in question constitute a valid gift to appellee. Appellant argues that the court below erred in not finding a confidential relationship between the parties as a matter of law. She submits that the principal-agent relationship between them, existing by virtue of the aforementioned power of attorney, established a confidential relationship and cast the burden

on appellee of proving that the conveyances to her were fair, conscionable and proper.

This Court has recently reiterated the scope of its review in an appeal of this nature. In *Sechler v. Sechler*, 403 Pa. 1, 169 A. 2d 78 (1961), we said, quoting from *Commonwealth Trust Co. v. Szabo*, 391 Pa. 272, 276, 277, 138 A. 2d 85: "In passing upon the questions raised on this appeal we must adhere to the well-established rule that a chancellor's findings of fact, approved by a court en banc, have all the force and effect of a jury's verdict if they are supported by adequate evidence and ordinarily will not be disturbed on appeal: [citing cases]. However, the chancellor's 'conclusions, whether of law or ultimate fact are no more than his reasoning from the underlying facts and are reviewable' . . . ."

Appellant urges upon us the proposition that the court below erred in making both a finding of fact and conclusion of law that there was no confidential relationship between the parties to the deeds. These, she argues, are precisely the "conclusions, whether of law or ultimate fact," which are the proper subject of our review. We agree that the finding of fact and conclusion of law complained of are reviewable, however, the view we take of the matter makes such a review unnecessary.

A confidential relationship "While not confined to any specific association of parties, . . . generally exists between . . . principal and agent." *Leedom v. Palmer*, 274 Pa. 22, 117 A. 410 (1922). Where such a relationship exists and a conveyance is made to the party in whom such trust or confidence is reposed, the burden is upon the grantee to show the fairness of the transaction. *Palmer v. Foley*, 305 Pa. 169, 157 A. 474 (1931); *Leedom v. Palmer*, supra. Assuming arguendo that the general rule quoted from *Leedom* is applicable to the facts of the instant case, thereby constituting the rela-

tionship between these parties a confidential one, we are convinced that the record contains more than sufficient evidence by which appellee sustained the burden of proof placed upon her.

The evidence is clear that appellee cared for the decedent for nearly three years at great personal sacrifice and that he was disposed to reward her by making a gift to her of the real estate here in dispute. This gift did not render the donor destitute, as was the case in *Palmer v. Foley,* supra, and, in fact, there was evidence from which the court below could have found that the donor made cash gifts to his other children and still retained some $3,000 or more for his own use. The deeds were prepared by a member of the bar at the request of the decedent. The attorney testified that the decedent indicated clearly what his wishes were and that the instruments were fully explained to him before their execution. The decedent's physician testified that he, the decedent, was fully capable of understanding the import of his actions, the physician having been present at the execution of the quitclaim deed. Appellee was not present at either the discussions between the decedent and his attorney or the execution of the deeds, and, so far as the record shows, was unaware of what was transpiring until after the event. Far from there being convincing evidence of fraud, or undue inluence, there is ample affirmative evidence that the conveyances were the reasoned act of the decedent and were fair, conscionable and proper.

Decree affirmed.