DePaul, Appellant, *v.* Melrose Country Club.

Argued April 29, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Marlyn F. Smith,* with him *Samuel H. High, Jr., Harry P. Voldow,* and *High, Swartz, Roberts & Seidel,* for appellant.

*Roland J. Christy,* with him *Erich O. Angermann,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, September 29, 1965:

Appellant commenced an action in equity seeking: to enjoin appellees from refusing appellant the right to vote in club elections; a voiding of an election in

which appellant was not permitted to vote; the vacation of position of club officers and directors elected at the disputed election; and the directing of a special election at which he would be allowed to vote.

The chancellor made findings of fact and conclusions of law, and entered a decree nisi, enjoining appellees "from prohibiting, hindering and in any way preventing plaintiff from casting his ballot at any election by proprietary members of Melrose Country Club as such, so long as he retains ownership of a certificate of Proprietary Membership and pays dues scheduled in accordance with the privilege of the club which he exercises and enjoys".

Appellees filed exceptions to the chancellor's adjudication, certain of which were sustained by the court en banc, thereby causing changes in the conclusions of law, and resulting in a final decree dismissing the complaint in equity; this appeal followed.

The issue which is dispositive of this case is whether appellant, at the time of the disputed election, was a proprietary member of the club, entitled to vote at club elections. The facts upon which resolution of this issue depends are not in dispute and may be fairly summarized as follows: The club's by-laws provide that its membership "shall consist of not more than 250 proprietary members, and of such special members as the Board of Trustees may determine". Among categories of "special members" was a category known as "house", to which category appellant was admitted in June of 1957. Thereafter, appellant contracted with the club to do certain paving work and, upon completion of the job, submitted a bill for his services. The club had no funds and, through its officers, offered appellant a proprietary membership certificate in lieu of cash. Appellant accepted, and a certificate of proprietary membership, signed by the president and secretary of the club and bearing its corporate seal, was

delivered to him. The certificate contained the following language: "Peter DePaul, having paid the sum of Two hundred and fifty dollars ($250.00) to the Melrose Country Club, is entitled to all the privileges of a Proprietary Member of the Melrose Country Club, subject to its By-Laws, Rules and Regulations now in effect or as the same may hereafter, from time to time, be made or amended."

Appellant was never formally elected to proprietary membership, in accordance with the by-laws, nor did he ever pay dues as a proprietary member. Appellees, therefore, argue that appellant was not a proprietary member in good standing and not entitled to vote. The court below agreed with this position, holding, in essence, that mere ownership of a proprietary membership certificate, without proper election and dues payment, did not entitle appellant to vote.

We, of course, will sustain the findings of fact of the chancellor, affirmed by the court en banc, where there is adequate evidence to support them and if they are not premised on erroneous inferences and deductions or an error of law. *Schwartz v. Urban Redev. Auth.*, 416 Pa. 503, 206 A. 2d 789 (1965); *Swank v. Amp.*, 411 Pa. 356, 192 A. 2d 225 (1963). The chancellor's conclusions of law are, however, reviewable, being his reasoning from the underlying facts. *Shydlinski v. Vogt*, 406 Pa. 534, 179 A. 2d 240 (1962); *Sechler v. Sechler*, 403 Pa. 1, 169 A. 2d 78 (1961). Here, there is no question of the adequacy of the evidence upon which the findings of fact were based, and finding no errors of law or erroneous deductions or inferences, these findings must be sustained. The conclusions of law, as made by the court en banc, follow inexorably from the facts, and, likewise must be sustained.

Decree affirmed, appellant to bear costs.

Mr. Justice JONES dissents.