## Gears Estate

424

*Harold Diamond,* for petitioner.
*Norman A. Oshtry,* of *Peruto, Ryan & Vitillo,* for respondent.

KLEIN, *A. J.,* May 16, 1975—Bessie L. Gears, decedent, died March 19, 1971. Letters of administration were granted to her daughter, Raeh A. Gears. The administratrix filed a petition upon which a citation issued directed to Dorothy M. Cassidy, also a daughter of decedent, Liberty Federal Savings and Loan Association and Beneficial Savings Bank. She is seeking to recover for decedent's estate $9288.62, which was on deposit with Liberty Federal Savings and Loan Association in a joint account, in the name of decedent and Dorothy M. Cassidy, which was allegedly improperly withdrawn by Dorothy M. Cassidy, on February 5, 1971, in her mother's lifetime, and wrongfully appropriated to her own use; $1160, the proceeds of a savings certificate issued by Beneficial Savings Bank, also allegedly appropriated by Dorothy M. Cassidy, while her mother was alive; and $236.40, representing proceeds of a check issued by the Commonwealth of Pennsylvania after decedent's death, payable to decedent and allegedly misappropriated by Dorothy M. Cassidy.

Preliminary objections were filed by Dorothy M. Cassidy and Liberty Federal Savings and Loan Association. By decree dated June 21, 1974, the preliminary objections were sustained and leave was granted to petitioner to file an amended petition within 30 days of the date of the decree. On July 22, 1974, petitioner filed an amended petition. An answer was filed by Beneficial Savings Bank to the amended petition and preliminary objections were filed by Dorothy M. Cassidy and Liberty Federal Savings and Loan Association.

This matter, therefore, comes before us now on petition and preliminary objections. Accordingly, the well pleaded facts in the petition are to be taken as true. See Hamilton Estate, 351 Pa. 419 (1945) and the other cases cited in Hunter's Pa. O.C. Commonplace Book, (2 ed.), Vol. IV, p. 380.

Petitioner's petition and amended petition are both poorly drawn but sufficient facts are averred to compel the court, in the interest of justice, to insist upon a full disclosure of all of the facts and circumstances attending the transfer of the funds in question from decedent to respondent Dorothy M. Cassidy.

It seems apparent from a study of this imperfect record that all of the funds in question originally belonged to decedent and that a confidential relationship existed between her and her daughter Dorothy M. Cassidy. Petitioner alleges, inter alia, that Dorothy M. Cassidy withdrew the funds in question shortly before decedent's death by exercise of undue influence without decedent's knowledge when she "was of unsound mind and body, more particularly she could not see well, she could not hear well, and she could not walk" and that she

was not physically or mentally capable of consenting or acquiescing to the withdrawals.

Dorothy M. Cassidy is also charged with appropriating to her own use a check, dated May 20, 1971, issued by the Commonwealth of Pennsylvania to Bessie L. Gears, after decedent's death, in the amount of $236.40.

Section 711 of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, 20 Pa. S. §711, which is a re-enactment of prior law, establishes mandatory exercise of jurisdiction through the orphans' court division over title to personal property, in the following language:

"(17) Title to personal property. The adjudication of the title to personal property in the possession of the personal representative, or registered in the name of the decedent or his nominee, or alleged by the personal representative to have been in the possession of the decedent at the time of his death."

Counsel for Dorothy M. Cassidy, in support of the preliminary objections, takes the position that the language of the code must be construed literally. He maintains that because the joint savings account in Liberty Federal Savings and Loan Association was closed on February 8, 1971, nearly six weeks prior to decedent's death on March 19, 1971, the orphans' court division has no jurisdiction over the dispute. He makes the same argument with respect to the Beneficial Savings Bank certificate, which was redeemed while decedent was still living.

The flaw in respondent's argument is that possession in decedent need not be actual; it may be presumptive. Whether the property was presumptively within the possession of decedent is a juris-

dictional fact within the power of the orphans' court division to determine: Moyer's Estate, 341 Pa. 402 (1941).

In Dzierski Estate, 449 Pa. 285, 288-89, (1972), Mr. Justice Pomeroy said (at p. 289):

". . . It is also the general rule that where a sole owner of a bank account converts the account into a joint one owned by himself and another, as evidenced by a duly signed signature card, the transaction is prima facie one of an inter vivos gift. The gift is of an undivided one-half interest in the account balance. Where, as here, the contract between the depository and the customers (i.e., the signature card) provides for right of survivorship as between the two depositors, the gift includes the contingent right of the donee to the whole fund. Berdar Estate, 404 Pa. 93, 170 A. 2d 861 (1961); Sivak Estate, 409 Pa. 261, 185 A. 2d 778 (1962). Neither of these two general principles (i.e., the prima facie creation of a gift and the burden of proof placed on the presumed donor, or his representative, to show no gift) applies, however, 'where the relation of the parties to each other, or some vicious element in connection with the transaction, is such that the law compels the recipient of the bequest or gift to show that it was the free, voluntary and intelligent act of the person giving it.' Weber v. Kline, 293 Pa. 85, 87, 141 A. 721 (1928). The presence of a confidential relationship sufficient to shift the burden of proof to the alleged donee does not turn on the existence of any specific association of parties. Leedom v. Palmer, 274 Pa. 22, 117 A. 410 (1922). In Kees v. Green, 365 Pa. 368, 374-5, 75 A. 2d 602 (1950), we said that the burden will shift if 'circumstances make it certain the parties do not

deal on equal terms, but, on the one side there is an overmastering influence, or, on the other, weakness, dependence or trust, justifiably reposed . . .' And we have always scrutinized 'with a keen and somewhat incredulous eye' transactions by which a decedent shortly before his death strips himself of all his available property. Wise's Estate, 182 Pa. 168, 171, 37 A. 936 (1897)."

See Keyser's Estate, 329 Pa. 514 (1938); Williams' Estate, 236 Pa. 259 (1912). See also the learned and comprehensive annotation by George J. Hauptfuhrer, Jr., in the January, 1973, issue of Fiduciary Review. We have often stated that we are reluctant to dispose of litigation upon preliminary objections, as experience has convinced us that the ends of justice are best served when the parties are given full opportunity to present the complete factual situation to the court: Schmitz Trust, 3 D. & C. 2d 185 (1955); Diamandas Estate, 73 D. & C. 334 (1950); Reichert's Estate, 52 D. & C. 254 (1944). See also: Gallagher v. Merry, 366 Pa. 258 (1951); Mather Estate (No. 2), 12 Fiduc. Rep. 684 (1962).

In the present case, the circumstances whereby Dorothy M. Cassidy converted to her own use her mother's property are so fraught with doubt and suggestive of overreaching that we will insist upon a full disclosure of all of the facts and circumstances before we form a judgment in the matter.

Accordingly, we enter the following

## DECREE

And now, May 16, 1975, the preliminary objections are dismissed. Leave is granted to respondents, Dorothy M. Cassidy and Liberty Federal Savings and Loan Association, to file answers to the merits within 30 days of the date of this decree.