Philadelphia *v.* Schofield (et al., Appellant).

Argued November 16, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Herman Blumenthal,* for appellant.

*David Freeman,* with him *Harry A. Rutenberg,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, January 4, 1954:

The procedure in this case, although adopted by the court below in a creditable attempt to effect a practical adjustment of the controversy, is open to objections which require that the record be remanded for final hearing.

In accordance with the Act of May 16, 1923, P. L. 207, a vacant piece of ground situate at the intersection of the northeast side of Manayunk Avenue and the northwest side of Hermit Street in the City of Philadelphia was sold at sheriff's sale for unpaid taxes due

the city. The sale was held under that portion of section 31 of the Act which provided for the discharge of all claims, liens, mortgages, charges and estates, but subject, under section 32 of the Act, to the right of redemption of the owner of the property, or his assignees, or any party whose lien or estate was discharged by the sale. The purchaser was the present appellee Harry A. Rutenberg, Esq. on behalf of certain clients.

Within the year which the statute allows for the purpose one Raymond C. Biddle, claiming under a quitclaim deed from the former owners, filed a petition to redeem the premises. Appellee filed an answer, depositions were taken, and the court made an order which is the subject of the present appeal by the petitioner.

In his answer to the petition appellee challenged the validity of petitioner's title and therefore his right to redeem. Furthermore he demanded of petitioner, in addition to the sum of $4,400. paid by him at the sheriff's sale, the sum of $3,538. which he had expended for filling in and grading the lot after his acquisition of the property. Petitioner, on the other hand, asserted his right to redeem on payment merely of the $4,400. together with the charge for recording the sheriff's deed, a reasonable fee for drawing the deed, and interest at the rate of 10% per annum on the $4,400. running to a time to be fixed by the court, all as provided in section 32 of the statute.

Thus the controversy between the parties presented two questions for consideration: (1) Has petitioner the right to redeem? That right depends on the validity of the title he claims to have acquired from the previous owners. (2) If such right exists, should he be compelled to reimburse appellee for the latter's expenditures in grading and filling the lot? While ordinarily improvements so made are not recoverable, appellee claims that the vacant lot was full of rocks, crevices,

depressions and steep banks, that it was used as a playground by young children, that, in order to prevent injury to them, it was necessary to level the grade and fill portions of the tract; that neighbors had complained of the condition of the property and that a police officer had requested that something be done to rectify the allegedly dangerous condition of the ground. It must therefore be determined whether appellee's payment for this work constituted an expenditure for which he is entitled to reimbursement by petitioner.

The court did not decide either of these questions, but instead, after argument thereon, the attorneys for the parties had a conference with the court in chambers, whereupon the court made the following order: "It is ordered that the rule filed in the above matter to show cause why the premises more fully disclosed in the petition should not be conveyed to Raymond Charles Biddle, Jr., is made absolute upon the following conditions:

"That on or before May 15, 1953 the said Raymond Charles Biddle, Jr., shall pay to the respondent Harry A. Rutenberg the sum of $4443.00 together with interest on the said sum at the rate of 10% per annum from January 28, 1951 to the 14th day of January 1953.

"That the aforesaid petitioner Raymond Charles Biddle, Jr. deposit in the Tradesmens National Bank of Philadelphia in the joint account of Herman Blumenthal, Esq., attorney for petitioner and Harry A. Rutenberg, Esq. the sum of $3538.00 pending further order of court.

"In the event that on or before May 15, 1953 the said petitioner Raymond Charles Biddle, Jr., fails to comply with the terms and provisions herein above set forth, then the petition filed by him to redeem the premises more fully described in his petition be and the same is hereby discharged."

Subsequently, in a memorandum opinion, the court stated that this order was made on the basis of an agreement entered into between the attorneys at the conference. That the order is properly the subject of an appeal to this court is beyond doubt for it is clearly definitive in its effect. It provided that if petitioner failed to comply with its terms and provisions on or before May 15, 1953, his petition to redeem the premises "be and the same is hereby discharged." Since he did not so comply his petition has been discharged and thereby his right of redemption finally foreclosed.

The court's order is vulnerable in several respects: (1) in failing to give adequate consideration to the mooted question of petitioner's title and consequent right to redeem; (2) in practically binding petitioner, by payment at this time of the sum not in dispute, to proceed with the redemption even though it might ultimately be determined that appellee was entitled to the additional sum in controversy and, confronted with the necessity of paying this larger sum, petitioner might not desire to redeem the property at all; and (3) in ordering an interim deposit in escrow of the controverted additional payment, that being an order which the court had no authority to make. Such an order would undoubtedly be proper if against one who admitted liability for the payment and the party entitled thereto was undetermined as in the ordinary case of an interpleader proceeding, but a court is ordinarily without power to compel a litigant thus to deposit a sum of money to await a final decision as to whether he was legally obligated to pay such sum to the other party in the litigation. The court, in its memorandum opinion, stated that the order was made in pursuance of an agreement of counsel. Petitioner's attorney denies that he made such an agreement; unfortunately, if made, it was not reduced to writing as it should have

been in accordance with Rule 89 of the Courts of Common Pleas of Philadelphia County and Pa. R. C. P. 201. Assuming, however, that it *was* made, as we *must* assume in view of the court's statement to that effect, it was not binding upon petitioner because, while an attorney has implied authority to make agreements and stipulations with respect to purely procedural matters during the regular course of litigation (*Grocery and Food Warehousemen Local Union No. 635 v. Kroger Co.*, 364 Pa. 195, 197, 70 A. 2d 218, 219) he has no such authority to enter into agreements which involve a waiver of any of his client's substantial rights or the imposition upon him of new liabilities or burdens: *Starling, Exr., v. West Erie Avenue Building & Loan Association*, 333 Pa. 124, 126, 3 A. 2d 387, 388.

The order is revoked and the record remanded with a procedendo.