## Durso, Appellant, *v.* D'Urso.

Argued November 21, 1962. Before BELL, C. J., MUSMANNO, COHEN, EAGEN and O'BRIEN, JJ.

488

*Nicholas G. Petrella,* for appellant.

*D. M. Masciantonio,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, January 8, 1963:

Margaret Durso appeals from the final decree of the court below, dismissing her complaint in equity filed against Angelina D'Urso, John D'Urso and Theodore Durso, defendants. Theodore and Margaret Durso are husband and wife, as are John D'Urso and Angelina D'Urso, the latter being the parents of Theodore. Margaret filed a complaint in equity against her husband and his parents, seeking a conveyance of certain real estate, owned in the name of Angelina, to Margaret and Theodore as tenants by the entireties. Theodore was joined as involuntary plaintiff in order to provide necessary capacity and joinder.

In essence, the complaint alleges that some sixteen months prior to the marriage of Margaret and Theodore, Angelina took title to certain real estate in the City of Philadelphia. Margaret alleges that the purchase money was Theodore's and that title was taken in Angelina's name, thereby creating a resulting trust. The complaint further alleges that Angelina and Theodore promised Margaret that after her marriage to Theodore, title to the premises would be conveyed to her and Theodore as tenants by the entireties. Margaret avers that in reliance upon these promises, she

advanced money for improvement of the property. After some five years of marriage, Margaret and Theodore became estranged and have been living separate and apart from each other since June of 1958. Margaret now seeks to have the real estate conveyed to her and Theodore as tenants by the entireties, in accordance with the alleged promise.

Theodore and Angelina deny the allegations of Margaret, and their answer avers that the purchase money was Angelina's, not Theodore's; that neither of them made any promise to Margaret as to a conveyance of the property; and that Margaret did not advance funds for the improvement of the property. Their position is that the beneficial ownership of the property was and is in Angelina D'Urso.

The chancellor made findings of fact and conclusions of law and entered a decree nisi, dismissing the complaint. Margaret filed exceptions to the adjudication, which were dismissed, and a final decree entered. This appeal followed.

"In passing upon the questions raised on this appeal we must adhere to the well-established rule that a chancellor's findings of fact, approved by a court en banc, have all the force and effect of a jury's verdict if they are supported by adequate evidence and ordinarily will not be disturbed on appeal." *Commonwealth Trust Co. v. Szabo,* 391 Pa. 272, 276, 138 A. 2d 85 (1957); *Sechler v. Sechler,* 403 Pa. 1, 169 A. 2d 78 (1961); *Shydlinski v. Vogt,* 406 Pa. 534, 179 A. 2d 240 (1962).

The opinion of the court en banc, in sum, declares that the oral promise to convey real estate, if made, is not enforceable under the statute of frauds, and that plaintiff had no standing to seek declaration of a resulting trust, there being no allegation that it was *her* money which purchased the real estate in question. We need not be concerned with these holdings, inas-

much as the findings of fact made by the chancellor and affirmed by the court en banc indicate clearly that the allegations of plaintiff's complaint were not supported. The adjudication of the chancellor is well summarized in his discussion, as follows:

"It is apparent that the D'Urso family is a close-knit, thrifty family unit and a family of some means, as indicated by the evidence that the said Angelina D'Urso and her husband, John D'Urso, also own other property. Margaret Durso urges her case on the basis that prior to marriage, her husband had been regularly employed and earning good money, although no evidence thereof was ever presented, and arguendo he must have accumulated savings, and that these savings were in fact the moneys used to purchase premises 6602 Ridge Avenue. She further argues this contention by pointing to the bank accounts accumulated by Theodore Durso subsequent to marriage. Admittedly, a substantial portion of the rents from premises 6602 Ridge Avenue were deposited in these accounts; however, plaintiff Margaret Durso is confronted by the fact that the premises were purchased and title taken in the name of Angelina D'Urso over sixteen months prior to the marriage of Margaret and Theodore Durso, that leases for the apartments in the premises were drawn at various times in the names of Angelina D'Urso and Theodore Durso, that taxes and water rents on the property were paid by Angelina and John D'Urso, credit for payment of said taxes taken in their joint federal income tax returns, and no credit taken by Margaret Durso and Theodore Durso for payment of said taxes in the joint income tax returns filed by them. There was no evidence presented to show that Theodore Durso had in fact contributed the money which was used to purchase the said premises. On the contrary, he denied it was his money, and asserted that it was the money of his mother, Angelina D'Urso. The

mother, Angelina D'Urso, stated that it was money she had saved, that she wished to purchase this property as an investment. The retention by Theodore Durso of the rental moneys was explained by Angelina D'Urso on the grounds that she had permitted him to retain the money, looking forward to the purchase of a small home for her said son, Theodore, and his family, but that upon the separation of her son and his wife, she asserted her right to the rental moneys. It is to be noted that family feeling exists and that Theodore Durso is and has been physically incapacitated to work for over three years and probably will remain incapacitated. At the same time sympathy is felt for the wife, Margaret Durso. Nevertheless, legal proof is something separate and apart from family feeling or sympathy. It must have a stronger base. The plaintiff Margaret Durso assumed the burden of establishing that the moneys used to purchase the premises were in fact the moneys of her husband, that title to the premises was taken in the name of Angelina D'Urso pending the marriage of the parties, and that Angelina D'Urso and Theodore Durso had represented to her, both before and after marriage, that title would be conveyed to them as tenants by the entireties, and that in reliance upon said promises and representations, she had in fact relied on such promises and representations and contributed money and labor toward the premises. Her proofs did not meet the standard the law requires in such situations; consequently, her prayer for relief must be denied."

A careful review of the record indicates that there is ample evidence supporting the findings of the chancellor to the effect that the money which purchased the real estate was Angelina D'Urso's and that Margaret Durso did not contribute any funds toward the improvement of the property. The record fully supports the chancellor's conclusion that Theodore never

492

had any beneficial interest in the real estate and that neither Theodore nor Angelina ever made a promise to Margaret involving a conveyance of the real estate to her and Theodore. Not only does the record amply support these findings of the chancellor, but contrary findings would be difficult, in the extreme, to support from the record in this case. The facts, as found by the chancellor, and approved by the court en banc, and supported by the evidence, clearly refute appellant's allegations and make the dismissal of her complaint mandatory, irrespective of the law of resulting trusts and the statute of frauds.

The decree of the court below is affirmed. Appellant to pay costs.