## Kallen *v.* Pollock, Appellant.

Argued November 27, 1962.   Before Bell, C. J., Musmanno, Jones, Cohen, Eagen and O'Brien, JJ.

*Michael H. Egnal,* with him *Yale B. Bernstein,* for appellants.

*Samuel P. Lavine,* with him *Richard M. Rosenbleeth,* and *Steinberg, Steinbrook, Lavine & Gorelick,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 9, 1963:

This is an appeal by Rhoda Pollock and her husband, Benjamin Pollock, from a final decree in equity based on a complaint filed by Roslyn Kallen. On August 31, 1955, Mrs. Kallen and Mrs. Pollock entered into a written partnership agreement to conduct a health salon. Disagreement soon arose between them and they began negotiations for a dissolution.

In her complaint, Mrs. Kallen alleges that on March 28, 1956, her attorney and Mrs. Pollock's attorney orally agreed to a dissolution of the partnership, whereby Mrs. Kallen was to transfer her interest to Mrs. Pollock for $6,000, and Benjamin Pollock was to indemnify Mrs. Kallen for any nonpayment of partnership debts by his wife. The defendants deny the agreement of dissolution.

In a hearing before Judge DAVIS on March 6, 1958, which was in the nature of pretrial, no testimony of witnesses being taken, counsel for the parties discussed the procedure for an accounting to cover a period preceding March 28, 1956 and subsequent thereto.

As the trial before Judge GUERIN began, counsel for defendants inquired as to the scope of the issue, suggesting to the court that it be confined to that portion of the complaint asking, "2. [t]hat in the alternative, Rhoda Pollock be required to prepare an accounting for the operation of the business from March 28, 1956, and thereafter, and further that Benjamin Pollock be ordered, decreed and directed to restore the property of the business, sold by him, or to pay the reasonable market value of the equipment disposed of by him."

The first prayer of the complaint asks that "Rhoda Pollock be directed to pay to the plaintiff the sum of $6,000, with a Decree adequately protecting the plaintiff from any liability of the partnership, with a fur-

ther Decree of indemnity by Rhoda Pollock against outstanding liabilities."

The court said: "At this moment we are, yes." However, during the trial, Judge GUERIN enlarged the narrow issue of accounting to a determination of the issue of the dissolution agreement as well, when evidence of fraud appeared in the disposition of equipment used in the business and not revealed to Judge DAVIS.

After trial the chancellor made an adjudication of findings of fact and conclusions of law and entered a decree nisi which was affirmed in an opinion by the court. The decree ordered a judgment in favor of Roslyn Kallen against Rhoda Pollock in the amount of $6,000 with interest and against Benjamin Pollock in the amount of $4,355.86 with interest, in favor of plaintiff, the total amount due Roslyn Kallen being $6,000 with interest thereon from March 28, 1956.

Appellants assign as error the action of the court in: (1) abrogating the stipulation limiting the issue to be tried, (2) finding the existence of an oral agreement without evidence of authority of defendants' counsel to bind them, (3) finding husband defendant liable for the value of property, (4) finding the value of the property and (5) refusing to credit wife defendant with half the value of partnership property or allow her half reimbursement for the losses.

A chancellor's findings of fact, approved by the court en banc, have all the force and effect of a jury's verdict if they are supported by adequate evidence, and ordinarily will not be disturbed on appeal. *Durso v. D'Urso,* 409 Pa. 487, 187 A. 2d 270 (1963); *Payne v. Clark,* 409 Pa. 557, 187 A. 2d 769 (1963).

In adhering to this well established rule our scrutiny of the record reveals ample evidence in support of the findings of fact. The chancellor properly set aside the stipulation limiting the issue to an account-

ing upon hearing testimony relating to the disposition of partnership property as illuminated by the stenographic notes of a preliminary hearing before Judge DAVIS, held in an attempt to settle the dispute amicably. Judge GUERIN tried the matter de novo, refusing to be bound by a stipulation secured as a result of the defendants knowingly and wilfully withholding vital and relevant information from Judge DAVIS, as well as from their own attorney. Both defendants were called as for cross-examination. The chancellor, in referring to defendant husband's testimony, said, "The nature of this defendant's testimony, as well as the manner given, indicated a clear design on the part of both defendants to defraud plaintiff of her property rights in their partnership business. Further, it was obvious to the court that this witness had no respect for truth and veracity; that his testimony was patently untruthful." Further, the chancellor said of the wife defendant, "A more striking scene occurred when defendant Rhoda Pollock took the witness stand. This witness presented a picture of defiance, a memory conveniently incapable of recalling facts relevant hereto, an attitude of disrespect to the court and to the whole judicial process, as well as a complete and utter disregard for truth and veracity. It was obvious to us that this defendant's every action was completely in her own selfish interest and completely repugnant to plaintiff's equitable interest herein."

The plaintiff's principal witness, Morris E. Solomon, Esq., testified to the events resulting in the dissolution agreement prepared for signature in conformity with the oral understanding of the parties. Mr. Solomon did not represent the plaintiff at the time of trial. The chancellor believed the testimony of Mr. Solomon and taken with other evidence of plaintiff found a binding agreement, wherein plaintiff agreed to sell her interest to Rhoda Pollock, who

agreed to purchase plaintiff's interest for $6,000. The chancellor, in considering the evidence relating to the dissolution agreement, found that defendants' attorney was the authorized agent of defendants to make an agreement on their behalf to terminate and dissolve the partnership. The record shows evidence of this authority. The credibility was for the trier of the facts. An attorney, as such, does not have implied or apparent authority to enter into an agreement which involves a waiver of any of his clients' substantial rights or the imposition upon him of new liabilities or burdens: *Philadelphia v. Schofield*, 375 Pa. 554, 101 A. 2d 625 (1954).

The chancellor found the amount of $6,000 to be a fair and reasonable value for plaintiff's interest in the partnership. He also found the value of the equipment taken by the husband defendant to be $4,355.86.

The court concluded as a matter of law from the factual finding that defendant, Benjamin Pollock, was a trustee ex maleficio for the amount of $4,355.86, the value of the equipment and furniture acquired by him in fraud of plaintiff.

However, in view of the decree which determined the existence of the dissolution agreement as of March 28, 1956, the taking of the equipment by Mr. Pollock subsequently was not a fraud as to Mrs. Kallen. Therefore, the valuation of the equipment is no longer in this case and, consequently, Benjamin Pollock is not a trustee ex maleficio.

The decree entering judgment for plaintiff against defendant Benjamin Pollock in amount of $4,355.86, with interest thereon from May 25, 1956 is vacated. The decree as modified is affirmed. Costs on defendant Rhoda Pollock.

Mr. Justice EAGEN would affirm the decree of the court below.