Edward Singer, Petitioner *v.* Workmen's Compensation Appeal Board (Fruehauf and CNA Insurance Company), Respondents.

Argued May 7, 1985, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

442

*Paul J. Dellasega,* with him, *Ira H. Weinstock, Ira H. Weinstock, P.C.,* for petitioner.

*John J. Sylvanus, Stetler & Gribbin,* for respondent, Fruehauf Corporation.

OPINION BY JUDGE CRAIG, July 17, 1985:

Edward Singer appeals from a Workmen's Compensation Appeal Board order which affirmed a referee's decision that reduced Singer's compensation benefits originally granted in 1974 for a disabling injury.

After Singer's injury he received uncontested benefits but in 1976 his employer, Fruehauf, filed a petition to terminate benefits, and alleged that Singer could again work. At the hearing, counsel for both parties submitted to the referee a written stipulation of fact. The referee issued his findings of fact and, based on the stipulation, testimony, and other evidence, did not terminate benefits but instead reduced benefits effective as of the date of the stipulation, November 8, 1976, to reflect partial disability.

Singer then filed a timely appeal to the board alleging that, contrary to the stipulation, he could not work and that physicians' reports submitted to the referee did not support the findings of fact. Although there is no explanation in the record, the board, without discussion and apparently pursuant to an agreement between the parties and the board, which is not contained in the record, reversed and remanded to the referee so that the referee could decide the merits of the case. The employer appealed the remand order to Commonwealth Court. We rejected the employer's appeal, noting that the remand order, because it was interlocutory in nature, was not an appealable order.

In the second hearing, the referee received testimony from Singer and his wife, as well as various letters from counselors and physicians previously submitted at the first hearing and resubmitted by separate stipulation of the parties, documenting Singer's condition and rehabilitation status. Based on the entire record, including the earlier stipulation, the referee again concluded that Singer was no longer totally disabled and from November 8, 1976, could only be considered as partially disabled, with a resulting reduction in benefits. The referee concluded that Singer could again perform various kinds of employment, within the limits of his medical condition.

Singer appealed this second referee decision to the board, contending that it was not supported by evidence, that the board had previously reversed and remanded findings based on the earlier stipulation and that the referee incorrectly continued to rely on the stipulation. The board affirmed, noting that the referee's decision "was a result of a stipulation entered into by both parties" and, further, saw "no reason to disturb an agreement of the parties based on the same evidence." This appeal followed. We affirm, concluding that, whatever the nature of Singer's al-

leged repudiation, the stipulation must continue as legally binding on the parties, the referee, the board and this court.

In his brief, Singer contends that crucial findings of fact cannot be based on a repudiated stipulation and, moreover, that the stipulation is ineffective because it, in effect, waives Singer's rights and imposes new burdens.

Our scope of review in these cases, where the claimant has not prevailed below, is limited to determining whether the finder of fact has capriciously disregarded competent evidence. *Halaski v. Hilton Hotel,* 487 Pa. 313, 409 A.2d 367 (1979). Because we must decide what constitutes competent evidence, as a component of our usual task of determining whether the fact finder capriciously disregarded evidence, we must first determine whether the contested stipulation is effective or whether it is repudiated or void.

We cannot accept Singer's contention that the November 8, 1976 stipulation is a nullity. The stipulation, which the attorneys presented to the referee at the hearing, stipulated two factual matters. First, the parties stipulated that Singer suffered from *congenital* "anomalies" *aggravated* by the trauma of the accident and, second, that Singer could "return to light or sedentary work involving no repetitive lifting or lifting over 50 pounds and not requiring a constant sitting, standing or walking posture." Although Singer never personally signed the stipulation of counsel, he was present at the hearing and did not object when counsel presented it to the referee.

An admission by the claimant on record at the first hearing conforms to the practical effect of the material stipulated, as follows:

Q: You are aware that Dr. Rieden [sic] has stated that you would be able to return to work, aren't you?

A: Yes.

Q: You don't deny that?

A: No.

The record indicates Singer engaged Dr. Riden as his attending physician. Additionally, Singer answered affirmatively when asked if he was willing to try to work.

Moreover, when, at the first hearing, the employer presented John Marchi, Director of Rehabilitation Services for the Sheltered Workshop of York, to testify on available, appropriate jobs and asked him if he was aware of the stipulation submitted in the case to the effect that Singer could return to light or sedentary work, Singer again did not object in any way to the content of the stipulation.

Singer's brief cites *City of Philadelphia v. Schofield*, 375 Pa. 554, 101 A.2d 625 (1954), to support his point that a client's attorney has no authority to enter into agreements which involve a waiver of any substantial rights or imposition of new liabilities or burdens. However that case is inapplicable where, as here, there has been no proof of waiver of substantive rights and all that is stipulated are two facts: one, that Singer had a congenital condition aggravated by the accident and, two, that Singer was able to engage in light work, as Singer admitted in his testimony. *Schofield* dealt with an order that the court had no power to make; further, counsel there concluded the agreement behind closed doors without client input. Such is not the case here. *Kallen v. Pollock*, 412 Pa. 281, 194 A.2d 227 (1963), also cited in the brief, deals with a case where the parties attempted to stipulate an issue of law—clearly beyond the scope of permissible stipulations.

In *Mobil Pipeline Co. v. Department of Environmental Resources*, 62 Pa. Commonwealth Ct. 145, 435

A.2d 934 (1981), we noted principles governing stipulations that are equally applicable here. In that case, the appellant contended that several of the environmental board's findings of fact were unsupported by substantial evidence. We rejected that argument, concluding that, as here, the board's findings of fact were essentially identical to the stipulated facts, and noted that the appellant could not contend that facts previously stipulated were now unsupported by substantial evidence.

The referee did not find that Singer's disability had ended. Rather, based on the stipulation, Singer's own admissions, and substantial evidence on record, he found that Singer's previous total disability classification no longer accurately reflected his present physical capabilities. Accordingly, the referee found Singer to be only partially disabled, a different matter from a complete cutoff of benefits.

The record contains substantial evidence that Singer was able to perform limited types of work and that suitable job openings existed in the local area. Although the medical reports did not indicate that Singer would ever entirely recover from his injury, they do support the referee's conclusion that a partial physical recovery occurred and that Singer could again work.

We find no reason to disturb the board's affirmance of Referee Cassidy's findings. Accordingly, we must affirm.

### ORDER

Now, July 17, 1985, the order of the Workmen's Compensation Appeal Board, Decision No. A-85088, dated June 28, 1984, is affirmed.