IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amy McFalls, Jason Crunetti, Vincent   :
Esposito, Gregory Jackson, and Brenda  :
Lacy, on behalf of themselves and all   :
persons similarly situated,                :
                     Petitioners   :
                                :
         v.                    :
                                :
38th Judicial District, Hon. Carolyn T.  :
Carluccio, President Judge (in her     :
official capacity), Michael R. Kehs, Esq. :
Court Administrator (in his official    :
capacity), and Lori Schreiber, Clerk of  :
Courts (in her official capacity),      :   No. 4 M.D. 2021
                 Respondents   :   Argued: March 5, 2025

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                  FILED: June 23, 2025


This is a Petition for Review (Petition) brought as a class action in our original jurisdiction. Amy McFalls, Jason Crunetti, Vincent Esposito, Gregory Jackson, and Brenda Lacy, on behalf of themselves and all persons similarly situated (Petitioners), challenge the propriety of court costs calculated and imposed on defendants convicted of crimes in the Court of Common Pleas of Montgomery County (Common Pleas) from January 1, 2008 forward.

Respondents are the 38th Judicial District, *i.e.*, Common Pleas; the Honorable Carolyn T. Carluccio, President Judge, in her official capacity; Michael R. Kehs, Esquire, Court Administrator, in his official capacity; and Lori Schreiber, Clerk of Courts, in her official capacity. Common Pleas, the President Judge, and the Court Administrator are jointly referenced here as Judicial Respondents.

Currently before this Court are cross-applications for summary relief. Also before the Court is a Joint Request for Referral to Mediation (Mediation Request) filed by Judicial Respondents. For the reasons discussed below, we grant Judicial Respondents' application for summary relief, deny the Clerk of Courts' application for summary relief, deny Petitioners' application for summary relief, and dismiss the Mediation Request as moot.

## I. Background

Petitioners allege that the method by which court costs are calculated and imposed against persons convicted of crimes in Common Pleas is not authorized by law and is arbitrary, without proper notice, and duplicative, such that it violates the due process and equal protection rights of convicted persons. Petitioners also allege that the failure to provide a convicted criminal with an itemized list of costs at the time of sentencing violates the convicted person's due process rights. More specifically, Count I of the Petition asserts that the imposition of duplicative costs in criminal matters is not statutorily authorized and is *ultra vires*. Count II alleges that Petitioners' due process rights under article I, sections 1 and 9[1] of the Pennsylvania

---

[1] Article I, section 1 of the Pennsylvania Constitution provides: "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of

2

Constitution are violated by the failure to provide adequate notice regarding the imposition of costs, a proper opportunity to be heard, and an explanation of how the assessed costs can be challenged. Count III alleges, pursuant to 42 U.S.C. § 1983,[2]

---

enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." Pa. Const. art. I, § 1.

Article I, section 9 of the Pennsylvania Constitution provides:

> In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land. The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself.

Pa. Const. art. I, § 9.

[2] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

that the individual Respondents have violated Petitioners' federal due process rights. Count IV alleges that the arbitrary manner in which costs have been imposed violates Petitioners' equal protection rights under article I, sections 1 and 26[3] of the Pennsylvania Constitution. Count V alleges, pursuant to 42 U.S.C. § 1983, that the individual Respondents have violated Petitioners' federal equal protection rights.[4]

The Petition seeks relief in the form of a declaration that the imposition of costs on multiple counts in a single criminal proceeding against a single criminal defendant is unlawful and that such charges are null and void. The Petition seeks a further declaration that Common Pleas cannot impose costs on a criminal defendant unless it provides an itemized bill of costs to the defendant and defense counsel at sentencing.

The Petition also seeks injunctive relief directing Respondents to cease imposing duplicative costs, cease any collection activities relating to such costs that remain unpaid, adjust all unpaid balances to remove duplicative costs, and provide notice of the adjustments to the affected defendants. The Petition further seeks an injunction directing Petitioners to develop, within 30 days, a program of effective and timely notice of costs imposed, including an itemized bill of costs provided to the defendant and defense counsel at sentencing, correlating the costs to the criminal charges, setting forth the statutory authorization for each item of costs imposed, as well as notice to the defendant and counsel of the right and procedural means to challenge the costs. The Petition additionally seeks an order directing Respondents

---

[3] Article I, section 26 of the Pennsylvania Constitution provides: "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." Pa. Const. art. I, § 26.

[4] The Petition also includes a Count VI, but it is not a separate claim, merely a demand for declaratory relief.

to inform credit reporting agencies of the adjustments made to the balances of unpaid costs.

Respondents filed preliminary objections to the Petition, which this Court previously addressed in a single-judge opinion and order. *McFalls v. 38th Jud. Dist.* (Pa. Cmwlth., No. 4 M.D. 2021, filed Aug. 6, 2021) (*McFalls I*). In *McFalls I*, the Court overruled a preliminary objection challenging our original jurisdiction over this matter. *Id.*, slip op. at 15. The Court also rejected Respondents' argument that the Petition actually presented claims under the Post Conviction Relief Act (PCRA) that belonged in Common Pleas as the sentencing court. This Court concluded that Petitioners were not challenging the sentencing judges' imposition of costs, as such, as part of their criminal sentences, but rather, the methodology by which those costs were subsequently calculated. *Id.*, slip op. at 17-18. The Court additionally overruled Respondents' preliminary objection to Petitioners' individual and class standing. *Id.*, slip op. at 20. Further, this Court rejected Respondents' assertions of immunity, except to the extent that the Petition sought mandatory injunctive relief compelling Respondents to design a new process for assessing costs and to notify credit reporting agencies of adjustments to unpaid costs. *Id.*, slip op. at 22-23. Finally, the Court overruled Respondents' preliminary objections challenging the legal sufficiency of Petitioners' equal protection, due process, and *ultra vires* claims. *Id.*, slip op. at 24-27. Accordingly, this Court in *McFalls I* overruled all preliminary objections except those challenging Petitioners' demand for mandatory injunctive relief to compel the development of a new process for assessing costs and the notification of credit reporting agencies regarding adjustments to the unpaid balances of Petitioners' costs.

The parties then engaged in discovery, after which Petitioners filed an Application for Class Certification and for Hearing After Discovery (Certification Application). This Court disposed of the Certification Application in a second single-judge opinion and order. *McFalls v. 38th Jud. Dist.* (Pa. Cmwlth., No. 4 M.D. 2021, filed Apr. 6, 2023) (*McFalls II*). In *McFalls II*, the Court found that Petitioners satisfied their burden of providing "sufficient *prima facie* evidence regarding numerosity, commonality, typicality, fair and adequate representation, an[d] adjudicative fairness and efficiency, regarding criminal defendants upon whom Respondents imposed sentencing-related costs on or after January 1, 2008." *Id.*, slip op. at 18. Accordingly, the Court granted Petitioners' request for class certification in part, limited to

> [a]ll individuals who have appeared or will appear as defendants in criminal cases in [Common Pleas] and upon whom any duplicated costs were imposed on or after January 1, 2008, or will be imposed in the future, in one criminal case when the charges arise out of the same occurrence, or in which the charges have been included in one complaint, information, or indictment by the use of different counts.

*Id.*, slip op. at 19.

In preparation for this Court's disposition of the class certification issue in *McFalls II*, the parties entered into Joint Stipulations of Fact and Law Submitted for the January 25, 2023 Class Certification Hearing (Joint Stipulation). The parties are bound by the statements of fact in their Joint Stipulation. *See Volk v. Workmen's Comp. Appeal Bd. (Consolidation Coal Co.)*, 647 A.2d 624, 627 (Pa. Cmwlth. 1994) (concluding that the parties were bound by their stipulations of fact in an earlier proceeding in the case) (citing *Singer v. Workmen's Comp. Appeal Bd. (Fruehauf & CAN Ins. Co.)*, 496 A.2d 67 (Pa. Cmwlth. 1985)).

Based on the Joint Stipulation and a hearing held in January 2023, this Court made a number of Findings of Fact in *McFalls II*. *See id.*, slip op. at 3-7. This Court's Findings of Fact in *McFalls II* are binding to the extent that they are relevant to our disposition of the parties' cross-applications for summary relief.[5] *McFalls II* reflects the Joint Stipulation and has established the following pertinent facts.

In conjunction with a conviction or guilty plea, a criminal defendant is statutorily required to pay certain costs unless relieved of that obligation by the sentencing judge. *McFalls II*, slip op. at 3; *see also* Section 9728(b.2) of the Judicial Code, 42 Pa.C.S. § 9728(b.2).[6] Judges at sentencing hearings in Common Pleas regularly order defendants to pay costs. *McFalls II*, slip op. at 3. The sentencing judges do not specify which costs they have ordered defendants to pay or the

---

[5] In *Olmo v. Commonwealth* (Pa. Cmwlth., No. 86 M.D. 2021, filed August 22, 2022), this Court explained that "[w]hen no petition for reconsideration from an order of a single judge is filed, that order is binding unless palpably erroneous." *Id.*, slip op. at 7 (quoting *Domagalski v. Szilli*, 812 A.2d 747, 750 n.2 (Pa. Cmwlth. 2002) (additional quotation marks omitted)). *Olmo*, an unreported opinion, is cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. Here, no party filed a petition for reconsideration in *McFalls II*, nor does any party assert that any finding in the order in *McFalls II* is palpably erroneous. Accordingly, its findings of fact are binding to the extent they are relevant to our disposition of the cross-applications for summary relief.

[6] Section 9728(b.2) provides:

> **(b.2) Mandatory payment of costs.**--Notwithstanding any provision of law to the contrary, in the event the [sentencing] court fails to issue an order under subsection (a) imposing costs upon the defendant, the defendant shall nevertheless be liable for costs, as provided in section 9721(c.1), unless the court determines otherwise pursuant to Pa.R.Crim.P. [] 706(C) (relating to fines or costs). The absence of a court order shall not affect the applicability of the provisions of this section.

42 Pa.C.S. § 9728(b.2).

amounts of such costs, and criminal defendants are not provided with cost itemizations at sentencing. *Id.*, slip op. at 4.

A court clerk attends each sentencing hearing and records the judge's sentencing directives on a form known as a Disposition Sheet. *McFalls II*, slip op. at 4. The Disposition Sheet does not set forth itemized costs, but merely indicates whether costs have been imposed. *Id.* The Disposition Sheet is then passed on to the Clerk of Courts, who is "tasked with collecting all costs, fines, and monetary restitution from criminal defendants." *Id.* Pursuant to a 2015 policy adopted by Common Pleas' leadership (2015 policy), the Clerk of Courts' office personnel interpret a sentencing judge's imposition of costs as including all eligible costs. *Id.*, slip op. at 5. The Clerk of Courts does not automatically provide defendants or their attorneys with itemized breakdowns of assessed costs but provides them upon request. *Id.* They are also available online. *Id.* Petitioners submitted sample docket sheets that listed certain costs imposed more than once at a single docket number. *Id.*, slip op. at 6.

## II. Issues

In their application for summary relief, Judicial Respondents raise several issues. First, they argue that the calculation of statutorily authorized costs is a ministerial process that is appropriate for performance by the Clerk of Courts as part of the county's executive branch. Second, they assert that the 2015 policy, which provides that a sentencing judge's imposition of costs will be deemed to include all eligible costs, does not confer on Judicial Respondents any responsibility for the calculations of those costs in a given case. Judicial Respondents also contend that the cost assessments do not violate any statutory or constitutional principles.

Petitioners assert three basic arguments in support of summary relief. First, they maintain that no provision of law allows duplication of costs in multiple counts within a single criminal proceeding. Second, they assert that imposition of costs without providing a contemporaneous itemized list of those costs and the bases for imposing them, along with an opportunity to contest the costs, violates due process principles. Third, they posit that Common Pleas duplicates some categories of costs but not others and that it has chosen arbitrarily which categories to duplicate, thereby violating equal protection principles.

The Clerk of Courts also seeks summary relief. She asserts that her function in assessing costs is purely ministerial and that she is bound to comply with sentencing orders and the 2015 policy for imposing costs. She also maintains that due process does not require a contemporaneous itemized list of costs and that imposition of multiple sets of costs on a single criminal docket with multiple counts does not violate any equal protection rights.

## III. Discussion

### A. Legal Standard for Summary Relief

This Court has explained the legal standard for granting summary relief as follows:

> Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure provides that "the court may on application enter judgment if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b); *see Scarnati v. Wolf*, . . . 173 A.3d 1110, 1118 (Pa. 2017) ("The standard for granting summary relief turns upon whether the applicant's right to relief is clear. Summary relief on a petition for review is similar to the relief provided by a grant of summary judgment. Pa.R.A.P. 1532, Official Note.") (footnote omitted). "Summary judgment is appropriate where, after

9

the close of pleadings, 'there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report.'" *Scarnati*, 173 A.3d at 1118 (quoting Pa.R.C[iv].P. [] 1035.2(a)). Conversely, "[w]here there are material issues of fact in dispute or if it is not clear that the applicant is entitled to judgment as a matter of law, the application will be denied." *Sherman v. Kaiser*, 664 A.2d 221, 225 (Pa. Cmwlth. 1995). "A fact is considered material if its resolution could affect the outcome of the case under the governing law." *Hosp*[.] *& Healthsystem Ass*[']*n of* [*Pa.*] *v. Commonwealth*, . . . 77 A.3d 587, 602 (Pa. 2013).

*Hommrich v. Pa. Pub. Util. Comm'n*, 231 A.3d 1027, 1032 (Pa. Cmwlth. 2020), *aff'd*, 245 A.3d 637 (Pa. 2021). Applying this standard, we consider the parties' various arguments in their cross-applications for summary relief.

## B. Application of Judicial Respondents

Judicial Respondents seek summary relief on the basis that, beyond each sentencing judge's bare statement at sentencing that costs are to be imposed, they have no part in calculating those costs. We agree that Judicial Respondents are entitled to summary relief.

Petitioners rely on paragraph 23 of the Joint Stipulation, which provides, in pertinent part, that "[t]he Clerk of Courts was told in approximately 2015 by then-Judicial District leadership that if a sentencing sheet indicates that costs are to be imposed on more than one count, that means that the sentencing judge ordered the imposition of all offense-related costs on those counts. . . ." Joint Stip., ¶ 23. Contrary to Petitioners' interpretation, this language does not facially concede that Judicial Respondents played any role in calculating the costs imposed or in imposing duplicative costs. Indeed, in *McFalls I*, this Court found as a fact, in

10

relation to paragraph 25 of the Joint Stipulation, that "[t]he Clerk of Court's Office has an interpretive policy, whereby if a Disposition Sheet shows that a sentencing judge has imposed costs on a defendant for multiple counts, then ***all eligible costs*** will be assessed against the defendant for those counts. . . ." *Id.*, slip op. at 5, Finding of Fact (F.F.) No. 15 (citing Joint Stip., ¶ 23) (emphasis added). Thus, this Court has already found as a fact that paragraph 23 of the Joint Stipulation relates only to ***eligible*** costs, *i.e.*, those that are statutorily authorized.

Nothing in either the Joint Stipulation or this Court's opinion in *McFalls I* suggests that Judicial Respondents had any role in determining which costs were statutorily authorized and thereby "eligible" for imposition; the policy that was purportedly created "in approximately 2015 by then-Judicial District leadership" merely instructed the Clerk of Courts that a sentencing order imposing "costs" should be interpreted as imposing all "eligible" statutorily authorized costs. Joint Stip., ¶ 23; *McFalls I*, slip op. at 5, F.F. No. 15.

In *Sherwood v. Department of Corrections*, 268 A.3d 528 (Pa. Cmwlth. 2021), this Court held that the sentencing judge was not required to itemize costs in a sentencing order because "a general order ordering a defendant to pay costs is sufficient." *Id.* at 546.[7] Similarly, in *Richardson v. Department of Corrections*, 991 A.2d 394 (Pa. Cmwlth. 2010), this Court reasoned that

> the practice of a judge ordering a defendant to pay costs, and leaving the assessment of the amount to the [C]lerk [of Courts] appears to be a common one, as it has been noted in our cases a number of times . . . . We see no impediment to the [C]lerk's performing that ministerial

---

[7] We also note that a sentencing judge is likewise subject to "no requirement of a presentence ability-to-pay inquiry" before imposing mandatory costs at sentencing. *Commonwealth v. Lopez*, 280 A.3d 887, 907 (Pa. 2022).

duty, if . . . the imposition of costs generally has been authorized by the trial judge.

*Id.* at 397; *see also Sherwood*, 268 A.3d at 546 (observing that "it is a common practice for a sentencing judge to order a defendant to pay costs and leave the assessment of such costs to the clerk of court[s]" (citing *Richardson*, 991 A.2d at 397)).

Petitioners fail to point to anything in the record indicating that Judicial Respondents had any role either in determining what costs were statutorily authorized or in calculating those costs. Accordingly, we agree with Judicial Respondents that they are entitled to summary relief. Petitioners' claims against Judicial Respondents are dismissed.

Because we dismiss Judicial Respondents from the action on this basis, we do not reach their additional arguments. Moreover, their request for a referral of this matter to mediation is now moot.

## C. Cross-Applications of Petitioners and the Clerk of Courts
### 1. Statutory Authority for Duplication of Costs

In Count I of the Petition, Petitioners assert that the Clerk of Courts is acting contrary to the relevant cost statutes by choosing to impose duplicate costs for multiple counts in a single case. In response, the Clerk of Courts maintains that the calculation of costs is purely ministerial and involves no exercise of judgment by that office. Based on the current record, we cannot conclude that either side is entitled to summary relief on this issue.

In *Sherwood*, this Court considered a similar request for summary relief. Although the petitioner in *Sherwood* based his constitutional claim on an assertion of double jeopardy, our analysis is instructive here. In *Sherwood*, the

petitioner maintained that costs were improperly imposed twice at one docket number under Section 7508.1(b) of the statute known as the Substance Abuse Education Act,[8] 18 Pa.C.S. § 7508.1(b), where there were two convictions. After noting that issues of duplicative costs, including costs under Section 7508.1(b), were already pending before this Court in the instant case, we concluded in *Sherwood*, in relevant part, that

> it is not clear from the record whether the two violations . . . to which Sherwood pled guilty arose out of a single criminal incident or separate criminal incidents. Given the lack of clarity in . . . the record, neither Sherwood nor Respondents have established that . . . charging Sherwood this cost twice at [one d]ocket [number] was either authorized or prohibited by Section 7508.1(b). Therefore, summary relief cannot be granted . . . .

*Sherwood*, 268 A.3d at 554.

The same impediment to summary relief is present here. Like the parties in *Sherwood*,, and more particularly as this is a class action with a large number of class members whose individual cases have not been described in the record, it is not clear whether the multiple charges at any docket number were related to a single criminal incident or separate criminal incidents. Accordingly, consistent with our disposition in *Sherwood*, we likewise conclude here that we cannot grant summary relief to either side on the question of whether the duplicate costs were properly imposed in relation to the individual class members. Therefore, the cross-applications for summary relief are denied as to this issue.

---

[8] Act of December 9, 2002, P.L. 1539, No. 198, 18 Pa.C.S. § 7508.1.

## 2. Due Process

In Counts II and III of the Petition, Petitioners posit that imposing costs without promptly providing the convicted person with an itemized list of those costs and information on how to challenge them violates both state and federal due process rights. In response, the Clerk of Courts insists Pennsylvania law has already established that due process does not require such contemporaneous information at sentencing and that making the itemization available online as well as upon request satisfies any due process requirements regarding the imposition of costs on persons convicted of crimes. There is a dearth of authority concerning this issue generally, and this Court is aware of no authority directly on point.

In *Commonwealth v. Black* (Pa. Super., No. 849 WDA 2019, filed June 21, 2021),[9] 2021 Pa. Super. Unpub. LEXIS 1626,[10] a sentencing order imposed costs but did not itemize the individual costs or state the total; however, the defendant "did not request a bill of the costs at that time or object to the imposition of costs on the basis that she had not yet received a bill of costs." *Id.* 2021 Pa. Super. Unpub. LEXIS 1626, at *1-*2. The clerk of courts docketed an itemized list of costs at some point,[11] but the docket did not reflect that it was provided to the defendant. *Id.* at *2. The defendant later appealed, arguing, *inter alia*, that the sentencing court deprived her of due process by failing to provide a detailed list of costs at sentencing. *Id.* at *4. The Superior Court did not address that issue directly, concluding instead that the

---

[9] Like the instant case, the cited case originated in Montgomery County.

[10] Although not binding on this Court, decisions of the Superior Court may be cited as persuasive where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018). Further, unreported opinions of the Superior Court filed after May 1, 2019 may be cited as persuasive. Pa.R.A.P. 126(b); 210 Pa. Code § 65.37.

[11] This is consistent with the sample dockets submitted by Petitioners here, which likewise showed itemized costs. *See McFalls II*, slip op. at 6.

14

issue was waived because "[b]y failing to raise the issue in the [sentencing] court before she appealed, [the defendant] deprived the [sentencing] court of the opportunity to address it." *Id.* Of significance here, however, the Superior Court also observed that the defendant "certainly knew during the plea and sentencing proceeding that she was going to be ordered to pay costs and that she had not received a bill of costs . . . , and she took no steps to obtain a bill of costs during plea negotiations or at sentencing." *Id.* at \*4-\*5. Nonetheless, as that observation was not a legal conclusion and not necessary to the decision, it was *dictum*.

In *Commonwealth v. LeBar*, 860 A.2d 1105 (Pa. Super. 2004), the Superior Court determined that an inmate is liable for the mandatory statutory assessment of the $60 cost contained in Section 1101 of the Crime Victims Act, Act of November 24, 1998, P.L. 882, *as amended*, 18 P.S. § 11.1101, as that specific section is self-executing, even if there is no court order imposing costs. This Court has similarly held that several other statutory costs related to criminal convictions also apply automatically, even in the absence of inclusion in the sentencing order. *See generally Freemore v. Dep't of Corr.*, 231 A.3d 33 (Pa. Cmwlth. 2020) (listing costs due and collectible from a defendant even if not included in the sentencing order). If the sentencing court is not required to order payment of such costs in order for them to be imposed, one reasonable extension of that principle arguably is that the trial court likewise need not provide an itemized statement of those costs at sentencing.

However, the Superior Court has concluded that costs not automatically applicable require inclusion in the sentencing order to be collectible. *LeBar*, 860 A.2d at 1110-11. Additionally, regarding costs generally, in *Commonwealth v. Larsen*, 682 A.2d 783, 795 (Pa. Super. 1996), the Superior Court observed, albeit in

15

*dictum*, that upon the imposition of a sentence that included costs, the sentencing court had 30 days thereafter "to formalize the dollar amount making[ ]up such costs" by issuing an amended order pursuant to Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505 (allowing a court to modify or rescind an order within 30 days after its entry, if no appeal has been taken). This implies that a sentencing court must specify the amounts of the costs imposed, if not at sentencing, at least within 30 days thereafter.

Somewhat in contrast, in *Commonwealth v. Roatche* (Pa. Super., No. 2370 EDA 2019, filed May 3, 2021), 2021 WL 1743027, a defendant appealed a sentencing order partly on the basis that the sentencing court did not provide at sentencing the amount of the costs it was imposing. The Superior Court rejected that assertion because the trial court docket, which was attached to the defendant's notice of appeal, listed the amount of each cost to be imposed. *Id.* at *8. This holding implies that the amount of each cost need not be stated either at sentencing or in a subsequent amended sentencing order, where it is available on the docket after being calculated.

As discussed in the preceding section, questions of material fact remain on this issue. There are generalized averments in the record but no specific information concerning the vast majority of individual class members. Thus, it is unclear whether, when, or how the imposition of costs was formalized on each docket. It is also unclear whether individual class members sought and/or received cost itemizations and, if so, when that happened in relation to the sentencing dates and the dates on which collection efforts began. Therefore, the cross-applications for summary relief are denied as to this issue.

16

### 3. Equal Protection

In Counts IV and V of the Petition, Petitioners aver that the Clerk of Courts' policy and practice in imposing costs violate equal protection provisions of the Pennsylvania and United States Constitutions. The Clerk of Courts responds that Petitioners are not asserting unequal protection by the application of the same law differently to similarly situated persons, but rather, by the inconsistent application of different statutes as compared to one another, *i.e.*, duplication of costs authorized by some statutes but non-duplication of costs authorized by other similarly worded statutes. *See* Petitioners' Application for Summary Relief at 20-21, ¶¶ 72-74. The Clerk of Courts asserts that equal protection principles are not at issue here because constitutional equal protection provisions protect persons, not statutes.[12]

Section 1 of the Fourteenth Amendment to the United States Constitution provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, § 1. The Pennsylvania Constitution contains two sections generally regarded as equal protection provisions. Article I, section 1 provides: "All men[13] are born equally free and independent, and have certain inherent and

---

[12] The Judicial Respondents also asserted a similar argument, which, as indicated above, we do not reach because of our disposition of their application for summary relief on another basis.

[13] Although this provision speaks in terms of "men" rather than "persons," article I, section 28 of the Pennsylvania Constitution provides: "Equality of rights under the law shall not be denied

indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." Pa. Const. art. I, § 1. Article I, section 26 provides: "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right." Pa. Const. art. I, § 26. We agree with the Clerk of Courts that all of these equal protection provisions are aimed at protecting the rights of persons. Our Supreme Court has confirmed that "[t]he essence of the constitutional principle of equal protection under the law is that like persons in like circumstances will be treated similarly." *Kelley v. State Emps.' Ret. Bd.*, 932 A.2d 61, 67 (Pa. 2007) (quoting *Curtis v. Kline*, 666 A.2d 265, 268 (Pa.1995) (additional quotation marks omitted)). Accordingly, we agree with the Clerk of Courts that this aspect of Petitioners' equal protection argument lacks merit.

However, the Petition also asserts, *inter alia*, that "case data from courts of common pleas across the Commonwealth show that . . . Common Pleas has illegally imposed duplicative costs far more often than other courts, and in numbers that bely any argument that such conduct is a mistake." Petition at 4, ¶ 10. Thus, Petitioners' equal protection claim is not only that Common Pleas is applying similar cost statutes differently, but also that Common Pleas is applying cost statutes differently from the rest of Pennsylvania's courts of common pleas. Contrary to the Clerk of Courts' argument, that amounts to an allegation that similarly situated persons, *i.e.*, those convicted of the same crime in different counties, are being subjected to unequal costs and, if proven to be true, it could constitute an equal protection violation.

---

or abridged in the Commonwealth of Pennsylvania because of the sex of the individual." Pa. Const. art. I, § 28.

Notably, Petitioners have not sought summary relief on this issue. We observe, however, that the same factual issues discussed in Subsection C.1 above are likewise present with regard to equal protection analysis. Moreover, we observe that issues of fact remain as to whether other Pennsylvania counties are, in fact, uniformly imposing costs differently from the Clerk of Courts' imposition of them on behalf of Common Pleas here. For example, and without limitation, the chart included in the Petition lists the number of cases in various counties where duplicate costs were imposed on multiple counts, but the chart does not list the total number of criminal cases in each county, the nature of the criminal charges in those cases, which costs were duplicated in those cases, or the policy applied in imposing and calculating costs in each county. *See* Petition at 5-6, ¶ 10. Even though the parties have conducted discovery, the record does not contain evidence eliminating these questions. Thus, both the accuracy of Petitioners' cost chart and the degree of comparability among the statistics set forth on the cost chart remain unknown. However, the discrepancies among the various counties appearing on the chart produced by Petitioners suffice to call into question the Clerk of Courts' assertion that her office exercises no judgment or discretion in determining which costs to duplicate on a per-count basis.

Because genuine issues of material fact remain, neither the Clerk of Courts nor Petitioners are entitled to summary relief on Petitioners' equal protection claims in Counts IV and V of the Petition.[14]

---

[14] The Petition also contends that the Clerk of Courts does not actually duplicate the same costs in every case, but rather, arbitrarily duplicates them in some cases but not in others. *See* Petition at 19-20, ¶¶ 59-61 & 36, ¶ 121. This assertion, too, if proven by a preponderance of the evidence, could establish an equal protection violation. However, in their application for summary relief, Petitioners expressly aver that "[a]ll relevant Clerk of Court[s] employees have been trained how to interpret sentencing orders and assess the costs that have been imposed upon defendants in

## IV. Conclusion

Based on the foregoing discussion, we grant Judicial Respondents' application for summary relief. We deny the Clerk of Courts' application for summary relief. We also deny Petitioners' application for summary relief. We dismiss Judicial Respondents' Mediation Request as moot.


_____
CHRISTINE FIZZANO CANNON, Judge

---

a uniform way." Petitioners' Application for Summary Relief at 13, ¶ 51 (citing Findings of Fact ¶ 14 & Joint Stipulation ¶ 28). Thus, Petitioners appear to have abandoned this averment of the Petition, at least for purposes of their application for summary relief.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amy McFalls, Jason Crunetti, Vincent Esposito, Gregory Jackson, and Brenda Lacy, on behalf of themselves and all persons similarly situated,

Petitioners

v.

38th Judicial District, Hon. Carolyn T. Carluccio, President Judge (in her official capacity), Michael R. Kehs, Esq. Court Administrator (in his official capacity), and Lori Schreiber, Clerk of Courts (in her official capacity),

Respondents

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:     No. 4 M.D. 2021
:

## **O R D E R**

AND NOW, this 23rd day of June, 2025, upon consideration of the parties' cross-applications for summary relief, it hereby ORDERED as follows:

1. The application for summary relief submitted by the 38th Judicial District, the Honorable Carolyn T. Carluccio, President Judge (in her official capacity), and Michael R. Kehs, Esquire, Court Administrator (in his official capacity) (jointly, Judicial Respondents) is GRANTED. All claims against Judicial Respondents are DISMISSED.

2. The application for summary relief submitted by Lori Schreiber, Clerk of Courts (in her official capacity), is DENIED.

3. The application for summary relief submitted by Petitioners, Amy McFalls, Jason Crunetti, Vincent Esposito, Gregory Jackson, and Brenda Lacy, on behalf of themselves and as representatives of the class consisting of all individuals

who have appeared or will appear as defendants in criminal cases in the 38th Judicial District and upon whom any duplicated costs were imposed on or after January 1, 2008, or will be imposed in the future, in one criminal case when the charges arise out of the same occurrence, or in which the charges have been included in one complaint, information, or indictment by the use of different counts, is DENIED.

4. The Joint Request for Referral to Mediation submitted by Judicial Respondents is DISMISSED as moot.

_____
CHRISTINE FIZZANO CANNON, Judge